**STATE, Plaintiff-Appellee, v. WATERS, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5696.   Decided November 15, 1957.

Samuel L. Devine, Pros. Atty., Fred L. Newsom, Jr., Asst. Pros. Atty., Columbus. for plaintiff-appellee.

Russell H. Volkema, Columbus, for defendant-appellant.

**OPINION**

By BRYANT, J.

James   Russell   Waters,   defendant-appellant   in   this   court,

herein called defendant, was brought to trial in the Franklin County Common Pleas Court upon an indictment charging that on August 26, 1956, Waters robbed Arthur Lee Staten of money in the sum of nineteen ($19) dollars, within said county, contrary to the provisions of §2901.12 R. C.

The case was tried to a jury and the State presented the testimony of the complaining witness and two Columbus police officers, and rested. The defendant did not take the stand on his own behalf nor did he call any other witnesses. The jury returned a verdict of guilty. Thereafter, a motion for a new trial was filed and overruled, after which the court passed sentence. Defendant has appealed to this court on questions of law.

The first witness called for the prosecution was the complaining witness. Staten, and after some preliminary questions having to do with his residence, employment, etc., the following dialogue took place (Bill of Exceptions, pages 4 and 5) as follows:

"Q. I will ask you whether or not you had occasion on or about the 26th of August to meet the Defendant, James Russell Waters?

"A. Yes, sir.

"Q. Now, is James Russell Waters in the courtroom today?

"A. (Witness looks around courtroom.)

"Q. I will ask you to look at the table to your left.

"MR. VOLKEMA: I object.

"A. Yes, sir.

"THE COURT: Well, now, I wasn't watching. Had he looked there first?

"MR. NEWSOM: He had looked there.

"MR. VOLKEMA: He looked there twice.

"THE COURT: Pardon? He had?

"MR. VOLKEMA: He had looked over there twice.

"THE COURT: Well, this is preliminary. I expect we had better let it stand for what it is worth at this point. You may have your exception, Mr. Volkema.

"MR. VOLKEMA: Exception."

It is the above portion of the trial of this case to which defendant makes most strenuous objection. Defendant urges that the statement by the assistant prosecuting attorney, after asking the complaining witness whether Waters was in the courtroom today, "I will ask you to look at the table to your left" amounts to pointing out the defendant for the complaining witness, that it is misconduct on the part of the prosecuting attorney, that the damage to the defendant amounted to "irreparable prejudicial error" for which the only remedy was a dismissal for all time of the indictment. A motion to that effect was overruled by the trial court.

Defendant sought permission to subpoena the entire jury "to testify concerning whether or not the prosecuting witness identified the defendant at the trial prior to the time of the error in dispute." (Bill of Exceptions, page 95.) This request was denied by the court, who gave defense counsel permission to send affidavits "containing statements of

facts supporting his contention to each member of said jury for his or her signature."

We do not regard the question asked by the assistant prosecuting attorney as misconduct of counsel. While it may have been objectionable as leading, this being direct examination, the harmful effect, if any, was removed by the statements of counsel made then and there that the witness had looked either once or twice before at the defendant without recognizing him.

The defendant complains of the refusal of the trial court to permit him to subpoena the entire jury. We are at a loss to understand the purpose sought to be accomplished by the testimony of the members of the jury  The trial court, of course, was present at the time the incident occurred. It was agreed by both sides that the complaining witness looked at the defendant once or twice without having identified the defendant. The only difference between the prosecution and the defense was whether the complaining witness looked once or looked twice. It would appear that no useful purpose would have been served had the testimony been offered to the court.

It must be borne in mind that no question is made of any act or omission on the part of the jury. It is not claimed that they were guilty of any misconduct. The courts of this State have regarded the operations of juries as something which should be protected with the greatest amount of care. It has been held in Ohio to be the general rule that jurors' affidavits are not admissible to impeach their verdict. In **Farrer v. The State of Ohio, 2 Oh St 54,** the syllabus provides in part as follows:

"The general rule, undoubtedly, is that affidavits of jurors are not admissible to impeach their verdict. * * *"

In course of the opinion, Corwin, J. at page 56 of the Farrer case, supra, said:

"I have no doubt the general rule of policy, and a just regard to the sanctity of the province in which the jury is appointed to act, are against the reception of such evidence, in an ordinary case; but in one where life, or even liberty, is threatened by misconduct of the jury, it will readily be conceived that circumstances may exist which would not only admit, but demand, the examination of members of the jury as to their alleged bad behavior. In every such exceptional case, a foundation must undoubtedly be laid for the introduction of affidavits by jurors; and it would seem that this foundation ought, in general, to consist of knowledge acquired by the court by other means than the affidavits of jurors themselves."

In the Farrer case, supra, the jury had retired to their jury room to deliberate on the case before them and had communicated with friends through the open window of the jury room and had been asked various questions with regard to the case.

See also **Kent v. State, 42 Oh St 426** and **Goins v. State, 46 Oh St 457.** In the Goins case, supra, there is a clear explanation of the reasons why jurors are not permitted to testify with respect to their deliberation on a case. It is pointed out that if such testimony were permitted, it might well be that the rendering of a verdict "would become merely the beginning of a new controversy over the mode of its rendition."

Bradbury, J., in the course of his opinion in the Goins case, supra, at pages 471 and 472 wrote as follows:

"Misconduct of the jury is alleged, and the affidavits of the jurors offered to prove it; * * *. There was no other evidence of this misconduct than the affidavits of the two jurors; * * *. The court held them not competent, which consequently left the allegation of misconduct without proof. · The almost unbroken current of authority support this holding * * *.

"As a general rule, no doubt, this doctrine is founded on the soundest principles of public policy, otherwise the rendition of a verdict, in nearly every jury trial, would become merely the beginning of a new controversy over the mode of its rendition, endangering the stability of verdicts and the security of judgments rendered thereon; and the time and attention of courts would be wasted in investigating alleged misconduct of jurors, frequently of the most frivolous character. * * *"

See also **Schwindt et al., v. Graeff et al, 109 Oh St 404,** in which the syllabus provides as follows:

"The rule that the verdict of a jury may not be impeached by the evidence of a member of the jury is a common-law rule founded upon public policy, and not upon the doctrine of estoppel, and the fact that a juror offering such impeaching evidence did not join in the verdict does not exempt such evidence from the operation of the rule. The Legislature, and not the courts, is empowered to modify or abrogate the rule."

See also **Emmert v. The State of Ohio, 137 Oh St 235,** decided in 1933.

We conclude that the testimony of the jury sought by the defendant herein would have been totally inadmissible and we agree with the trial court in refusing to subpoena the jury under these circumstances. We are unable to see any value in the affidavits sent to the members of the jury. The only point at issue was whether the complaining witness looked once or looked twice at the defendant and this issue is completely straddled by the affidavit form.

The defendant also urges that the judgment was against the manifest weight of the evidence and contrary to law. We do not agree but we feel there was adequate evidence to sustain the verdict of the jury. The defendant did not choose to take the stand although given the opportunity to do so. While he had a right to refuse to take the stand, the jury had a right to take this fact into account. After reviewing the various assignments of error we are of the opinion they are not well taken and should be overruled and the judgment and sentence of the court below should be and hereby is affirmed.

PETREE, PJ, MILLER, J, concur.